# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JASON L. EDMONSON,

    Petitioner,

v.

WARDEN HAESE,

    Respondent.

Case No. 23-CV-390-JPS

**ORDER**

   Petitioner Jason L. Edmonson ("Edmonson" or "Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On April 13, 2023, Edmonson paid the filing fee. The Court accordingly screens his petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

   Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, courts will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

   Edmonson's petition and accompanying exhibits show that he challenges his conviction and sentence in Outagamie County Circuit Court Case Number 2007CF000050. ECF No. 1. In that case, Edmonson was found

guilty, following a jury trial, of first-degree sexual assault of a child, felony bail jumping, and misdemeanor bail jumping. *Id.* at 2. Edmonson brings claims in this petition for ineffective assistance of appellate counsel, a due process violation for the Wisconsin Court of Appeals denying him an evidentiary hearing, and challenges the sufficiency of the evidence based on his actual innocence. *Id.* at 5–8. Edmonson's current petition is barred, however, because he has already attempted to challenge his conviction from Outagamie County Circuit Court Case Number 2007CF000050 in a previous federal petition for a writ of habeas corpus. *See Edmonson v. Baenen*, Case No. 13-CV-513-WCG (E.D. Wis.), ECF No. 1.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a district court is not required to screen certain petitions. AEDPA says that a federal district court need not entertain an inquiry into the legality of a petitioner's detention if a federal court already has determined the legality of that detention in a prior application for writ of habeas corpus. 28 U.S.C. § 2244(a). AEDPA requires petitioners who wish to file a "second or successive" federal habeas petition to first obtain authorization from the federal court of appeals before filing the petition in the district court. 28 U.S.C. § 2244(b)(3)(A). "Section 2244(b)(3)(A) 'is an allocation of subject matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for the filing.'" *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in *Page*)).

As the Seventh Circuit has explained, not every petition that a petitioner previously filed constitutes a prior application for the purposes of § 2244(b). *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). The Seventh Circuit does not count "previous petitions that were dismissed for technical

or procedural deficiencies that the petitioner can cure before refiling." *Id.* Such petitions include those "dismissed because the petitioner filed in the wrong district," *id.* (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)), those in which the petitioner failed to pay the filing fee, *id.* (citing *Benton v. Washington*, 106 F.3d 162, 165 (7th Cir. 1996)), and those dismissed as premature, *id.* (citing *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000)). But prior petitions dismissed as untimely "or that have been denied based on a procedural default . . . do count as prior petitions because the petitioner is incapable of curing the defect underlying the district court's judgment." *Id.*

In Case No. 13-CV-513-WCG, Edmonson challenged his conviction in Outagamie County Circuit Court Case Number 2007CF000050 through a petition for writ of habeas corpus under 28 U.S.C. § 2254. *Edmonson v. Baenen*, Case No. 13-CV-513-WCG (E.D. Wis.), ECF No. 1. District Court Judge William E. Griesbach dismissed the petition on the merits and denied a certificate of appealability. *Id.* at ECF No. 8. As such, this is Edmonson's second petition challenging his conviction in in Outagamie County Circuit Court Case Number 2007CF000050, making it a "second or successive" petition.

Edmonson affirmatively argues that it is not a successive petition because "the factual basis of this petition did not exist at the time of [his] first petition, and the first petition was not resolved on the merits." ECF No. 1 at 1. The Court, however, disagrees with Edmonson's conclusion. Judge Griesbach's screening order in Case No. 13-CV-513-WCG dismissed the petition on the merits as to all eight grounds, separately analyzing the merits of each claim and concluding Edmonson was not entitled to federal relief under 28 U.S.C. § 2254. Edmonson has not provided the Court with evidence that the Seventh Circuit Court of Appeals authorized him to file a successive petition, which means that this Court has no jurisdiction to

consider it. The Court will accordingly deny Edmonson's petition as an unauthorized second or successive petition.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Edmonson must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether the petition is successive. As a consequence, the Court is compelled to deny a certificate of appealability as to Petitioner's petition.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus, ECF No. 1, be and the same is hereby **DENIED** as an unauthorized second or successive petition;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** for lack of jurisdiction;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Petitioner's motion to extend the record, ECF No. 4, be and the same is hereby **DENIED as moot**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of June, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.